**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Feins,<br><br>                Plaintiff,<br><br>v.<br><br>Goldwater Bank NA,<br><br>                Defendant. | No. CV-22-00932-PHX-JJT<br><br>**ORDER** |

      In this matter, Plaintiff John Feins, an individual alleging residency and citizenship in New Mexico, is suing Defendant Goldwater Bank NA, which Plaintiff alleges is an Arizona bank with its principal office in Arizona. (Doc. 15, Am. Compl. ¶¶ 17, 19.) Plaintiff raises four common law causes of action under state law against Defendant: negligence, invasion of privacy, breach of implied contract, and unjust enrichment. Defendant has filed a Motion to Dismiss, to which Plaintiff filed a Response and Defendant filed a Reply. (Docs. 16 (Mot.), 20 (Resp.), 21 (Reply).)

      The parties' briefs on the Motion to Dismiss are deficient in several respects. To begin with, neither party engaged in a choice of law analysis under Arizona law. *See Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002) (stating that a federal court sitting in diversity must apply the forum state's choice of law rules to determine the controlling substantive law). It appears from the briefs that the parties' position is that Arizona law applies to both Plaintiff's tort-based and contract-based common law causes of action—to which different

choice of law rules apply—though this is not readily apparent from Plaintiff's factual allegations. Indeed, while Plaintiff brings four common law causes of action to which he appears to believe Arizona law applies, he also brings a statutory cause of action under the law of New Mexico, not Arizona.

The starting point of any examination as to whether Plaintiff has stated a claim is to determine (and support by way of sufficient analysis) the applicable substantive state law—whether that is Arizona law, New Mexico law, or some other law—or show there is no meaningful difference. The parties must conduct such an analysis on a claim-by-claim basis, *see Keene Corp. v. Ins. Co. of N. Am.*, 597 F. Supp. 934, 941 (D.D.C. 1984), and the parties cannot simply stipulate to the applicable state law without showing it is the appropriate one under the applicable choice of law rules, *see, e.g.*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821 (1985). The Court will therefore require the parties to each file a supplemental brief containing the appropriate choice of law analyses.[1]

Relatedly, the parties' briefs are replete with citations to out-of-district case law regarding the sufficiency (or insufficiency) of Plaintiff's state law claims, most of which have no apparent connection to Arizona or New Mexico law, and for the most part the parties do not show how that case law applies to the case before this Court. As but one example, in Plaintiff's Response brief, to attempt to show that he stated a claim for "breach of implied contract," Plaintiff cites case law from the First Circuit and federal district courts in California, Virginia, Pennsylvania, Maryland, Illinois, Oregon, and Wisconsin—but no case from Arizona or New Mexico. (Resp. at 12-14.) The Court will not investigate *sua sponte* whether the state law applied in each of those cited cases differed in any meaningful

---

[1] Plaintiff brings this case as a putative class action. If any of Plaintiff's claims survive Defendant's Motion to Dismiss and this case proceeds to class certification, Plaintiff will then have the burden under Federal Rule of Civil Procedure 23 to conduct a choice of law analysis for each surviving claim involving the home states of Defendant and all the class action Plaintiffs; in other words, Plaintiff will be required to show that common questions of law predominate and "cannot meet this burden when the various laws have not been identified and compared." *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 370 (4th Cir. 2004); *see also Cole v. Gen. Motors Corp.*, 484 F.3d 717, 725 (5th Cir. 2007) (finding that plaintiffs did not sufficiently demonstrate predominance where they argued that the applicable state laws are "virtually the same" but failed to undertake the required "extensive analysis" of variations in state law).

way to that of the applicable law in this case, whether that be Arizona law, New Mexico law, or some other law. And the Court will not hesitate to disregard an argument that lacks any citation to the applicable legal authority in this case. *See F.D.I.C. v. Garner*, 126 F.3d 1138, 1145 (9th Cir. 1997) (holding a party that presents no case law or argument in support of its claim waives the argument); *see also Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. We will not do his research for him." (internal quotations omitted)). In the supplemental briefs submitted to the Court, the parties are urged to identify applicable legal authority to support the arguments in their already-submitted briefs.

**IT IS THEREFORE ORDERED** that, with regard to their briefing on Defendant's Motion to Dismiss (Docs. 16, 20, 21), the parties shall each file a supplemental brief not to exceed ten pages by September 12, 2022, as detailed in this Order. No responses or replies to the supplemental briefs are permitted.

Dated this 1st day of September, 2022.

Honorable John J. Tuchi
United States District Judge